IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIFER LYNN ATWOOD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-25-1521-D |
| CITY OF PONCA CITY, *et al.*, | ) |
| Defendants. | ) |

## **ORDER**

Before the Court is Plaintiff Jennifer Lynn Atwood's Emergency Motion for Temporary Restraining Order [Doc. No. 3]. Plaintiff requests the Court enter a temporary restraining order ("TRO") requiring Defendants to restore the electric and water utilities to her residence without her providing prior notice of the Motion to Defendants pursuant to Federal Rule of Civil Procedure 65(b). [Doc. Nos. 3 & 4].

### BACKGROUND

Plaintiff alleges that on or about October 13, 2025, Defendants shut off the water and electric utilities to her residence. She asserts that her utilities were shut off because Defendants incorrectly determined that she had not paid her utility bills. Furthermore, she alleges that Defendants violated her Fourteenth Amendment right to due process because they failed to give her sufficient notice that her utilities would be shut off and failed to adhere to their procedures by refusing to provide her with a hearing.

Plaintiff asks the Court to issue a TRO requiring Defendants to restore the utility services to her residence. Plaintiff asserts a TRO is necessary to prevent "continued

1

deprivation of constitutionally protected property interests and basic necessities, constituting irreparable harm as a matter of law." [Doc. No. 3-1, at p. 1]. She alleges that she suffers an immediate and irreparable harm, as the "deprivation of water and utility services constitutes an immediate threat to health, safety, and habitability of [her] residence." *Id.* Moreover, she asserts that she has not attempted to provide Defendants with notice of this lawsuit or Motion because "providing notice would likely result in immediate escalation of enforcement actions and further deprivation of essential utilities before the Court could act." *Id.* at p. 2.

## DISCUSSION

A TRO "is an extraordinary remedy, the movant's right to relief must be clear and unequivocal.'" *Dine Citizens Against Ruining Our Envir. v. Jewell*, 839 F.3d 1276, 1281 (10th Cir 2016) (quotation omitted). The factors considered regarding a request for a TRO are the same as those for a preliminary injunction. *Nellson v. Barnhart*, 454 F. Supp. 3d 1087, 1091 (D. Colo. 2020). In order to obtain a TRO, "the plaintiff must establish the following factors: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest.'" *Dine Citizens Against Ruining Our Envir.*, 839 F.3d at 1281 (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)). "Three types of preliminary injunctions are disfavored: (1) preliminary injunctions altering the status quo, (2) mandatory preliminary injunctions, and (3) preliminary injunctions granting the moving party all the relief it could recover at the conclusion of a full trial on

the merits." *Weststar Energy, Inc. v. Lake*, 552 F.3d 1215, 1224 (10th Cir. 2009) (citation omitted). "These injunctions require strong showings of the likelihood of success on the merits and the balance of harms." *Id.* (citation omitted).

When a TRO is sought without prior notice to the opposing party, Rule 65(b) requires the movant provide "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Irreparable harm "is harm that cannot be undone, such as by an award of compensatory damages or otherwise." *Salt Lake Tribune Publ'g Co. v. AT&T Corp.*, 320 F.3d 1081, 1105 (10th Cir. 2003). "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quotation and citations omitted). Additionally, "the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* (original emphasis) (quotation and citations omitted). "[A] speculative or theoretical injury will not suffice." *State v. U.S. Env't Prot. Agency*, 989 F.3d 874, 884 (10th Cir. 2021) (citing *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009)). Indeed, "vague assurances" that an action "could" be taken or evidence showing a "mere possibility" of harm are not sufficient. *Id.* at 886-87. "Demonstrating irreparable harm is not an easy burden to fulfill." *First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017) (quotation omitted).

Plaintiff has not clearly shown that an immediate and irreparable injury will occur before Defendants can be heard in opposition. Although she asserts that providing

3

Defendants with an opportunity to respond "would likely" result in them retaliating against her by taking "[a]dditional enforcement measures— including further shutoffs, citations, fines, and forced displacement[,]" she has not included specific facts clearly showing that an adverse action is imminent or would cause irreparable harm. Rather, her assertions are speculative and conclusory. Accordingly, on the current record at least, Plaintiff has not made a clear showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Moreover, she confirms in her filings that the harm complained of (terminating electric and water utility service) has already occurred. Thus, she seeks a mandatory injunctive relief (an order directing the restoration of utility service)— a disfavored type of injunction requiring a heightened showing.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion [Doc. No. 3] is **DENIED**.

**IT IS SO ORDERED** this 19th day of December, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge