IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIFER LYNN ATWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-1521-D |
| ) | |
| CITY OF PONCA CITY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# ORDER

Before the Court is Plaintiff Jennifer Lynn Atwood's Emergency Motion for Temporary Restraining Order [Doc. No. 11]. Plaintiff requests the Court enter an emergency temporary restraining order ("TRO") requiring Defendants to restore the electric and water utilities to her residence and halt her eviction proceedings before Defendants have been given an opportunity to respond. *Id.* Plaintiff alleges that her Motion is not *ex parte* as she provided notice to Defendants of her lawsuit and her Motion the day before she filed her Motion. [Doc. Nos. 11-2, 11-3].

On December 17, 2025, Plaintiff filed a motion for emergency TRO requesting the same relief that she seeks here and for similar reasons that she asserts here, but had not provided prior notice to Defendants. [Doc. No. 3]. On December 19, 2025, the Court denied Plaintiff's motion, in relevant part, because she had "not clearly shown that an immediate and irreparable injury [would] occur before Defendants [could] be heard in opposition," and did not "include[] specific facts clearly showing that an adverse action [was] imminent or would cause irreparable harm." [Doc. No. 7].

1

Construing Plaintiff's Motion liberally, the Court finds that she has raised two arguments that she did not raise in her prior motion.[1] *Compare* [Doc. No. 3] with [Doc. No. 11]. Indeed, she asserts that because she has provided notice of the lawsuit and the instant Motion to Defendants the deficiencies in her prior motion [Doc. No. 3] have been cured. [Doc. No. 11]. Further, she asserts that she will suffer immediate and irreparable harm if the Court does not enter a TRO stopping her imminent eviction. [Doc. No. 11].

Although Plaintiff purportedly provided prior notice of her Motion to Defendants, she requests that an emergency TRO be entered before Defendants have had an opportunity to respond. A motion for an emergency TRO that requests the Court rule before a defendant is given an opportunity to respond has the same effect as an *ex parte* TRO, and thus, is held to the same exacting standard in Fed. R. Civ. P. 65(b)(1). *See Overhead Sols., Inc. v. A1 Garage Door Servs., L.L.C.*, Civil Action No. 19-cv-01741-PAB-NYW, 2021 WL 707721, at *1 (D. Colo. Jan. 28, 2021) (finding that a motion for an emergency TRO that requests the Court rule before the defendant is given an opportunity to respond has the same effect as an *ex parte* TRO, and thus, is held to the same standard in Fed. R. Civ. P. 65(b)(1)).

Accordingly, except for Plaintiff's arguments regarding her alleged imminent eviction, the Court finds that Plaintiff's instant Motion seeks the same relief previously denied by the Court in its December 19, 2025 order. [Doc. No. 7]. Moreover, the Court finds that Plaintiff presents no new facts of consequence, arguments, or legal authority that would warrant a different outcome. Rather than restate its analysis and conclusions set forth

---

[1] Because Plaintiff proceeds *pro se*, her filings are construed liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But, the Court will not act as her advocate. *Id.*

in its December 19, 2025 order [Doc. No. 7], the Court adopts and incorporates its reasoning and conclusions here.

Regarding Plaintiff's alleged imminent eviction, the Court finds that a TRO stopping the eviction is also not warranted because Plaintiff has not and likely cannot establish "a substantial likelihood of success on the merits." *Dine Citizens Against Ruining Our Envir. v. Jewell*, 839 F.3d 1276, 1281 (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)). Indeed, the eviction arises from her landlord's forcible entry and detainer action in *Depperschmidt v. Atwood*, SC-2025-898 (Kay Cnty. Dist. Ct., Okla. Jan. 20, 2026) ("State Matter").[2] In the State Matter, her landlord was granted possession of the premises and Plaintiff was ordered to vacate the premises. However, Plaintiff has not named her landlord as a party in this lawsuit.[3] Regardless, the Court is likely barred from intervening in the forcible entry and detainer action pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283, the *Rooker-Feldman* doctrine, and the *Younger* doctrine. *See Sadler v. Bank of N.Y. Mellon*, No. 17-cv-02962-MSK-KLM, 2018 WL 1531687, at **2-3 (D. Colo. Mar. 29, 2018).

Accordingly, Plaintiff's Motion [Doc. No. 11] is **DENIED**.

---

[2] The Court takes judicial notice of *Depperschmidt v. Atwood*, SC-2025-898 (Kay Cnty. Dist. Ct., Okla. Jan. 20, 2026). *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records . . . concerning matters that bear directly upon the disposition of the case at hand.").

[3] Moreover, the Court has doubts as to whether Plaintiff has asserted any viable cause of action against any Defendant that would pertain to the eviction.

**IT IS SO ORDERED** this 23rd day of January, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

4