**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

JENNIFER LYNN ATWOOD,         )

      )

    Plaintiff,         )

      )

v.            )    Case No. CIV-25-1521-D

      )

CITY OF PONCA CITY, *et al.*,      )

      )

    Defendants.      )

## ORDER

Before the Court are Defendant Ponca City Utilities Authority Board of Trustees' Motion to Dismiss [Doc. No. 15], Defendant Ponca City Utility Authority's Motion to Dismiss [Doc. No. 16], and Defendants Vance Allen, Craig Stephenson, Don Bohon, John Gonsalves, Korey Pruitt, and Kylie Newman, in their official capacities, and the City of Ponca City's Joint Motion to Dismiss [Doc. No. 17]. *Pro se* Plaintiff Jennifer Lynn Atwood filed a combined response to the motions to dismiss [Doc. No. 18], and Defendants filed a joint reply [Doc. No. 19]. Thus, the matter is fully briefed and at issue.

## BACKGROUND

Plaintiff alleges that on or about October 13, 2025, Defendants shut off the water and electric utilities to her residence. [Doc. No. 1, at p. 5]. She asserts that her utilities were disconnected because Defendants incorrectly determined that she had not paid her utility bills. *Id.* at p. 5-7. Furthermore, she alleges that Defendants violated her Fourteenth Amendment right to due process because they failed to give her sufficient notice that her

1

utilities would be shut off and failed to adhere to their procedures by refusing to provide her with a hearing to contest the billing disputes. *Id.*

On November 21, 2025, Plaintiff filed a similar lawsuit seeking a temporary restraining order and injunctive relief arising from the same underlying facts as this lawsuit in Kay County District Court. *See Atwood v. Ponca City Utility Authority*, CV-2025-107 (Kay Cnty. Dist. Ct. Oka. Nov. 21, 2025) ("State Matter"); *see also* [Doc. No. 16].[1] In the State Matter, Plaintiff requested the court enter an order preventing Defendants from shutting off her utilities, requiring Defendants to turn her utilities back on, and preventing Defendants from pursuing legal action to collect the amount that she purportedly owed. *Id.* On December 5, 2025, the judge in the State Matter denied her request, granted Defendants' motion to dismiss, and dismissed the lawsuit on the basis that Plaintiff failed to state a claim. [Doc. No. 16-6].

Additionally, Defendants assert, and Plaintiff does not contest, that the dispute regarding Plaintiff's utilities and Defendants' enforcement procedures are "currently the subject of a separate municipal code enforcement proceeding in the Ponca City Municipal Court." [Doc. No. 15, at p. 2 (citing Doc. No. 11-3, at p. 4)]. Plaintiff was charged for violating sections 109.1.2 (unsafe/improper equipment) and 105.1.2 (occupying a home not suitable for human habitation) of the International Property Maintenance Code, as well as section 7-1-13 of Defendant the City of Ponca City's ("the City") municipal code for

---

[1] The Court takes judicial notice of the State Matter. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records . . . concerning matters that bear directly upon the disposition of the case at hand.").

tampering with or unlawfully using public utility services. [Doc. No. 15, at p. 2-3], [Doc. No. 16, at p. 15-16].

Plaintiff brought this lawsuit asserting claims under 42 U.S.C. § 1983 arising from the disconnection of her utility services and related billing disputes. [Doc. No. 1]. Specifically, she asserts claims that Defendants violated her right to procedural due process, substantive due process, retaliated against her, denied her access to the courts, and are subject to municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 463 U.S. 658 (1978). *Id.*

Defendant the Ponca City Utilities Authority Board of Trustees ("the Board") filed a motion to dismiss arguing, in relevant part, that the claims against it should be dismissed because it is not a separate suable entity. [Doc. No. 15]. Additionally, in their official capacity, Defendants Vance Allen ("Allen"), Don Bohon ("Bohon"), John Gonsalves ("Gonsalves"), Kylie Newman ("Newman"), Korey Pruitt ("Pruitt"), and Craig Stephenson ("Stephenson") filed a joint motion to dismiss [Doc. No. 17] arguing, in relevant part, that the claims against them should be dismissed because they are redundant. Moreover, Defendants Ponca City Utility Authority ("PCUA") and the City filed motions to dismiss [Doc. Nos. 16, 17] arguing, in relevant part, that the claims against them should be dismissed because the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, and because the Court should abstain from presiding over the matter under the *Younger* abstention doctrine.

3

**STANDARD OF DECISION**

**I. Fed. R. Civ. P. 12(b)(1).**

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). A Rule 12(b)(1) motion to dismiss must be determined from the allegations and facts in the complaint, without regard to mere conclusory allegations of jurisdiction. *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008). Accordingly, Plaintiff in this case bears the burden of establishing that the Court has jurisdiction to hear her claims.

**II. Fed. R. Civ. P. 12(b)(6).**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations ... and view these allegations in the light most favorable to the plaintiff." *Cassanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United*

4

*States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

"A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted). The Court, however, cannot be a *pro se* litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Moreover, *pro se* parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

## ANALYSIS

### I. Defendant the Board is not a separate suable entity from PCUA.

Defendant the Board contends that Plaintiff's claims against it are duplicative of her claims against PCUA because it lacks capacity to be sued. Rule 17(b) of the Federal Rules of Civil Procedure provides that a non-corporate entity's capacity to be sued is determined by the law of the state in which the district court is located. Fed. R. Civ. P. 17(b). As a public trust, PCUA exists as a legal entity separate and distinct from both its beneficiaries and its trustees. *See* Okla. Stat. tit. 60, § 176.1(A)(2) (a public trust "shall be presumed for all purposes of Oklahoma law to: . . . exist as a legal entity separate and distinct from the settlor and from the governmental entity that is its beneficiary.").

The trust is provided with the power to sue or be sued, not the Board. *See Barnes v. Mayes Emergency Servs. Trust Authority*, No. 25-cv-117-JDR-JFJ, 2026 WL 579938, at *2 (N.D. Okla. Mar. 2, 2026) (Okla. Stat. tit. 60, § 179 "states that '[n]o trustee or beneficiary shall be charged personally with any liability whatsoever by reason of any act … committed … in the performance of such trust' and that, instead, the liability falls upon the trust itself."). Moreover, courts applying Oklahoma law have consistently found that boards for entities like PCUA are not separate suable entities. *See Tarrant v. Perry*, No. CIV-20-891-PRW, 2022 WL 989063, at *2 (W.D. Okla. Mar. 31, 2022) (finding the town board was "fully synonymous with the actions of the Town" and thus the board was not a separate legal entity and could not be sued); *Silagyi v. Indep. School Dist. No. 12, Okla. Cnty., Okla.*, 680 F. Supp. 3d 1236, 1242 (W.D. Okla. 2023) (finding that the school board was "not [a]

6

separate, suable entit[y]" and "claims against the school board are duplicative of claims against the school district").

Here, the Board has no "separate legal identity" from PCUA. Rather, any official action taken by the Board is fully synonymous with actions taken by PCUA. As such, the Board does not have a separate legal identity outside of the PCUA. Accordingly, Plaintiff's claims against the Board must be dismissed.

**II. The claims against Defendants Allen, Bohon, Gonsalves, Newman, Pruitt, and Stephenson in their official capacities are redundant.**

Although individual capacity suits seek to impose personal liability on a government actor for actions taken under color of law, official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation and quotations omitted). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166; *see also Watson v. City of Kansas City*, 857 F.2d 690, 695 (10th Cir. 1988) ("A suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same.").

Where a plaintiff sues both a person in his official capacity and the entity, courts have dismissed the official capacity claims as redundant. *See French v. City of Cortez*, 361 F. Supp. 3d 1011, 1042 (D. Colo. Jan. 9, 2019) (dismissing official capacity claims against police officers because they were "duplicative" of the claims against the city); *Wash. v. City of Okla. City*, No. CIV-20-266-D, 2022 WL 865833, at *2 (W.D. Okla. Mar. 22, 2022) (same).

7

The City is a named defendant. Thus, suing Defendants Allen, Bohon, Gonsalves, Newman, Pruitt, and Stephenson in their official capacities is redundant, and the official capacity claims against them must be dismissed.

**III.    The *Rooker-Feldman* doctrine does not bar this Court from exercising subject matter jurisdiction over this matter.**

Defendants the City and PCUA argue that the *Rooker-Feldman* doctrine requires dismissal of this case against them, because the Court is not permitted to act as an appellate court for the state court's determination in the State Matter. Specifically, Defendants argue that Plaintiff "invites this Court to determine the state court erred" by requesting "this Court to conclude that Defendants violated her due process rights in disconnecting utilities or enforcing related code provisions, claims the Kay County District Court already dismissed." [Doc. No. 16, at p. 14].

"The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction 'over cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir. 2023) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). *Rooker-Feldman* is, accordingly, "a firm jurisdictional bar," but this bar "is narrow in scope." *Id.* (citing *Lance v. Dennis*, 546 U.S. 459, 464 (2006)).

For example, "[w]hen the state-court judgment is not itself at issue, the doctrine does not prohibit federal suits regarding the same subject matter, or even the same claims,

as those presented in the state-court action. The doctrine that governs litigation of the same subject matter" is claim preclusion. *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1139 (10th Cir. 2006). *Rooker-Feldman* does not bar federal claims "just because" they "could result in a judgment inconsistent with a state-court judgment." *Bruce*, 57 F.4th at 747 (quotation omitted). For *Rooker-Feldman* to apply, therefore, a plaintiff's complaint must, at the very least, make an "allegation concerning the state-court proceedings or judgment." *Bolden*, 441 F.3d at 1145.

Plaintiff's claims do not "rest on any allegation concerning the state-court proceedings or judgment." *Id*. A comparison to *Bolden*'s facts helps demonstrate this point. In *Bolden*, the plaintiff purchased property in Topeka, Kansas; before he purchased the property, however, the City of Topeka deemed the property "unfit for human habitation" and ordered the property to be demolished. *Id.* at 1132. The plaintiff sued in state court for an injunction prohibiting the City of Topeka from tearing down his new acquisition, but the state court denied his request for an injunction. *Id.* Subsequently, the plaintiff sued the City of Topeka, its mayor, and two City of Topeka employees in federal court. *Id*. The plaintiff's federal suit sought, among other claims, a temporary restraining order to prevent the City from demolishing his property and raised claims under 42 U.S.C. § 1983. *Id.* The federal district court invoked *Rooker-Feldman* and dismissed the claims. *Id.* at 1132-33.

On appeal, the plaintiff argued that the district court should not have dismissed his claims under *Rooker-Feldman*, and the Tenth Circuit agreed. *Id*. at 1138. The Tenth Circuit, explained that the district court erroneously invoked *Rooker-Feldman*, because the plaintiff's "federal suit did not seek to overturn the state-court judgment." *Id*. The Court

reasoned that while "the allegations underlying [the plaintiff's] federal-court claims are identical to what they would have been had there been no state-court proceeding[,] none of his claims rests on allegations that the state-court proceedings or judgment violated federal law, or that the judgment itself inflicted an injury." *Id*. The Court explained that "[t]he doctrine that governs litigation of the same subject matter or the same issues is res judicata—specifically, claim preclusion and issue preclusion." *Id.* at p. 1139. Moreover, the Court emphasized that *Rooker-Feldman* "is inapplicable, regardless of whether a favorable judgment in federal court would be inconsistent with that judgment and would 'den[y] a legal conclusion that [the] state court has reached.'" *Id.* at 1145 (quoting *Exxon Mobil Corp.*, 544 U.S. at 292).

Although, like the plaintiff in *Bolden*, Plaintiff asserts claims she already asserted in the State Matter, Plaintiff does not allege that the judgment in the State Matter violates federal law or "itself" inflicts an injury on her. Rather, she alleges that Defendants' generalized actions regarding the utilities—that were also at issue in the State Matter—amount to a violation of her constitutional rights and support a claim under 42 U.S.C. § 1983. She is not directly challenging the correctness of, or the constitutionality of, the state court's denial of her temporary restraining order or the dismissal of her action. Accordingly, the *Rooker-Feldman* doctrine is inapplicable.

**IV. Pursuant to the *Younger* doctrine the Court will abstain from hearing Plaintiff's claims against Defendants PCUA and the City.**

As another threshold issue, the Court analyzes whether it should refrain from hearing the case concerning Defendants PCUA and the City under the *Younger* abstention

doctrine. Under *Younger*, a plaintiff may not request a federal district court to interfere before a state court judgment is final. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971). "Generally, federal courts must exercise their jurisdiction when available. However, principles of 'equity, comity, and federalism' motivate a 'longstanding public policy against federal court interference with state court proceedings.'" *Rocky Mountain Gun Owners v. Williams*, 671 F. App'x 1021, 1024 (10th Cir. 2016) (unpublished) (quoting *Steffel v. Thompson*, 415 U.S. 452, 460-61 (1974), and citing *Younger*, 401 U.S. at 43-45; *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013)).

For *Younger* abstention to be appropriate, the Tenth Circuit directs that three conditions must be present: (i) interference with an ongoing state judicial proceeding; (ii) involvement of important state interests; and (iii) an adequate opportunity afforded in the state court proceedings to raise the federal claims. *See J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291 (10th Cir. 1999) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "*Younger* abstention is not discretionary once the [three] conditions are met, absent extraordinary circumstances that render a state court unable to give state litigants a full and fair hearing on their federal claims." *Seneca-Cayuga Tribe v. Oklahoma*, 874 F.2d 709, 711 (10th Cir. 1989) (citation omitted). *See Taylor v. Jaquez*, 126 F.3d 1294, 1296 (10th Cir. 1997) (Because "'application of the *Younger* doctrine is absolute ... when a case meets the *Younger* criteria,' there is no discretion for the district court to exercise."). When the *Younger* abstention elements are met, a district court should dismiss the claims before it, unless a petitioner has brought claims which "cannot be redressed in the state proceeding," in which case the district court should stay the federal proceedings

11

pending the conclusion of the state litigation. *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988).

    **1.**    **Plaintiff has ongoing civil enforcement proceedings that are akin to criminal proceedings.**

"[T]he proceedings must be ongoing and they must be the type of proceedings afforded *Younger* deference." *Hunter v. Hirsig*, 660 F. App'x 711, 715 (10th Cir. 2016) (unpublished). *Younger*'s application is limited to three types of ongoing proceedings: "(1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings akin to criminal prosecutions; and (3) 'civil proceedings involving certain orders . . . uniquely in furtherance of the state courts ability to perform their judicial functions.'" *Escalante v. Burmaster*, No. 23-cv-2130-TC-TJJ, 2023 U.S. Dist. LEXIS 74762, at *6 (D. Kan. Apr. 28, 2023) (quoting *Sprint Commc'ns., Inc.*, 571 U.S. at 73); *see also Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 670 (10th Cir. 2020) (recognizing the three categories of state proceedings to which *Younger* abstention applies).

Here, Defendants the City and PCUA assert, and Plaintiff does not dispute, that she is involved in ongoing municipal proceedings regarding her unlawful use of the utilities. Indeed, she admits that has been charged in Ponca City Municipal Court with multiple municipal code violations related to her failure to pay for her use of the utilities.[2] [Doc. No. 17, at p. 16-17 (citing Doc. No. 11-2, at p.4)].

---

[2] The record before the Court provides that these proceedings are ongoing, and the Court has not been informed otherwise.

Moreover, Defendants argue that the municipal proceedings are the "type" of proceeding to which *Younger* applies, because it is akin to criminal prosecutions. Indeed, it fits within the second category (i.e. certain civil enforcement proceedings akin to criminal prosecutions). A civil enforcement proceeding akin to criminal prosecution is one that is "initiated by the State, it involves an investigation by one or more state agencies, and it potentially involves a sanction against a private party for a wrongful act." *Byrd v. Pirrong*, No. CIV-25-747-SLP, 2025 WL 2963220, at *4 (W.D. Okla. Sept. 9, 2025) (citing *Sprint Commc'ns, Inc.*, 571 U.S. at 79).

Here, Defendants initiated the municipal proceeding, conducted an investigation regarding Plaintiff's unlawful use of the utilities, and charged her for violating sections 109.1.2 and 105.1.2 of the International Property Maintenance Code, as well as section 7-1-13 of the City's municipal code for tampering with or unlawfully using public utility services. [Doc. No. 17, at p. 16-17 (citing Doc. No. 11-2, at p.4)]. If Plaintiff is found to have violated these sections, then she may be fined or imprisoned. *See* Ponca City, Okla., Municipal Code § 1-4-1. Thus, the municipal proceeding is not only ongoing, but is also the type of proceeding to which *Younger* applies.

**2.      The municipal proceeding involves an important state interest.**

"A city has an important interest in enforcing its municipal code." *Lofland v. City of Shawnee*, No. 16-02183-CM, 2016 WL 5933514, at *3 (D. Kan. Oct. 12, 2016). Moreover, "[t]he regulation of utilities is one of the most important of the functions traditionally associated with the police power of the States." *Arkansas Elec. Co-op. Corp. v. Ark. Pub. Serv. Comm'n*, 461 U.S. 375, 377 (1983).

Defendants argue, and the Court agrees that they have an important interest in enforcing the City's municipal code and regulating the use of its utilities.

**3. The municipal court is an adequate forum to hear Plaintiff's federal claims.**

The plaintiff bears the burden of showing that the state court is not an adequate forum to hear the constitutional challenges. *See Chapman v. Okla.*, 472 F.3d 747, 749 (10th Cir. 2006) (finding that the plaintiff had "not shown that the state court is not an adequate forum to hear his constitutional challenges …."). Generally, "a plaintiff has an adequate opportunity to raise federal claims in state court 'unless state law clearly bars the interposition of the [federal statutory] and constitutional claims.'" *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (original brackets) (quoting *J.B. ex rel. Hart*, 186 F.3d at 1292); *see also Speihs v. Allen*, No. 25-2111-DDC-GEB, 2026 WL 482318, at *4 (D. Kan. Feb. 20, 2026) (finding abstention under *Younger* proper as the "ongoing municipal proceeding does afford an adequate opportunity to raise some of Plaintiff's constitutional claims."); *Trackwell v. Miller*, No. 12-4107-JAR/KGS, 2012 WL 5228669, at *2 (D. Kan. Oct. 22, 2012) (finding abstention under *Younger* proper because in the ongoing municipal court proceedings the plaintiff "has the opportunity to raise constitutional issues and appeal those issues to the state district court."); *Watts v. City of Cleveland Heights*, No. 25 CV 1582, 2025 WL 2615846, at *2 (N.D. Ohio Sept. 10, 2025) (plaintiff failed to show that the municipal court was not an adequate forum under *Younger*); *Thunderbird Downtown, LLC v. City of Phoenix*, No. CV-19-05287, 2021 WL 4133972, at *7 (D. Ariz. Sept. 10, 2021) (the municipal court was an adequate forum

because the plaintiff could raise its constitutional defenses and appeal the municipal court's determination). A plaintiff's failure to present the federal claims in the state forum does not render the state forum inadequate. *See Lofland*, 2016 WL 5933514, at \*3 (citing *Juidice v. Vail*, 430 U.S. 327, 330 (1977)).

Plaintiff did not argue that the municipal proceeding will not afford her claims full and proper consideration. Rather, in her declaration she stated that the hearings regarding the utility disputes and ordinance violations have been continued due to her assertion that Defendants' failure to provide her notice regarding the disconnection of her utilities constituted a violation of her constitutional right to due process. [Doc. No. 11-2 at p. 4]. Moreover, to the extent the municipal court finds against Plaintiff and her constitutional right to due process was not violated, she may appeal to the district court, and then appeal the district court's de novo proceeding to the Oklahoma Court of Criminal Appeals. *See* Okla. Stat. tit. 11, § 27-132. Thus, the municipal proceeding does afford Plaintiff's claims full and proper consideration as she has raised them as defenses to the charges against her.

Accordingly, the Court finds that *Younger* abstention applies to Plaintiff's claims against Defendants the City and PCUA.[3]

**V.      Plaintiff failed to state a claim against Defendants Allen, Bohon, Gonsalves, Newman, Pruitt, Stephenson in their individual capacities.**

---

[3] Defendants the City and PCUA raise several arguments in support of their motions to dismiss. [Doc. Nos. 16, 17]. However, because the Court agrees that the *Younger* abstention doctrine applies to the claims against them, the Court does not address their alternative arguments. *See Goings v. Sumner Cnty. Dist. Atty's Office*, 571 F. App'x 634, 637 (10th Cir. 2014) (unpublished) (noting that "[a]fter reaching its conclusion to abstain under *Younger* . . . the district court should not have gone further and ruled on the merits of Defendant's 12(b)(6) challenge. We have held that this additional inquiry is improper." (citing *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1232 (10th Cir. 2004))).

When Plaintiff has brought a § 1983 claim against more than one defendant for violation of her constitutional rights "it is particularly important . . . that the complaint make clear who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins*, 519 F.3d at 1250. Plaintiff has failed to do so, and the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).[4]

Plaintiff's failure to link any of the individuals to any specific act or omission renders the Complaint legally deficient. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (explaining "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated."). Indeed, she fails to identify what each Defendant did, when that Defendant acted, how that Defendant harmed her, and which of her constitutional rights were violated. Rather, she

---

[4] The Court analyzes the Complaint under its inherent power to manage its docket. *See McKinney v. State of Okl., Dep't of Hum. Servs., Shawnee OK*, 925 F.2d 363, 365 (10th Cir. 1991) (holding "a sua sponte dismissal under Rule 12(b)(6) is not reversible error when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, *see Baker*, 916 F.2d at 727, and allowing him an opportunity to amend his complaint would be futile."); *see also* 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure—Civil § 1357 (3d ed. 2004) ("Even if a party does not make a formal motion under Rule 12(b)(6), the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties.").

16

asserts all of her allegations collectively against all Defendants. This is insufficient to state a claim.

Accordingly, Plaintiff's claims against Defendants Allen, Bohon, Gonsalves, Newman, Pruitt, and Stephenson in their individual capacities, warrant dismissal.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant Ponca City Utilities Authority Board of Trustees' Motion to Dismiss [Doc. No. 15] is **GRANTED**. Plaintiff's claims against Defendant Ponca City Utilities Authority Board of Trustees are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants Vance Allen, Don Bohon, John Gonsalves, Kyle Newman, Korey Pruitt, and Craig Stephenson's, in their official capacities, Joint Motion to Dismiss [Doc. No. 17] is **GRANTED IN PART.** Plaintiff's claims against Defendants Vance Allen, Don Bohon, John Gonsalves, Kyle Newman, Korey Pruitt, and Craig Stephenson, in their official capacities, are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Vance Allen, Don Bohon, John Gonsalves, Kyle Newman, Korey Pruitt, and Craig Stephenson, in their individual capacities, are **DISMISSED WITHOUT PREJUDICE**.[5]

---

[5] Plaintiff's request for leave to amend her Complaint in her response to Defendants' motions to dismiss is improper and does not comply with Fed. R. Civ. P. 15(a) or LCvR 15.1. A district court may properly require a plaintiff to file a motion that complies with Fed. R. Civ. P. 15(a) and LCvR 15.1 before considering whether to allow an amendment. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021).

**IT IS FURTHER ORDERED** that Defendant Ponca City Utility Authority's Motion to Dismiss [Doc. No. 16] and Defendant City of Ponca City's Motion to Dismiss [Doc. No. 17] are **GRANTED IN PART** as set forth herein. The adjudication of Plaintiff's claims against Defendants Ponca City Utility Authority and City of Ponca City are **STAYED** pending the final conclusion of Plaintiff's municipal court proceedings. An appropriate Administrative Closing Order shall be entered.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for an Order Directing Service by United States Marshal [Doc. No. 10] is **DENIED AS MOOT**.

**IT IS SO ORDERED** this 15th day of July, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

18